## 66375. FRICKS v. THE STATE.

BIRDSONG, Judge.

Beverly H. Fricks was convicted of using a false name to obtain the title to a motor vehicle and sentenced to serve five years. She brings this appeal enumerating as error the failure by the state to prove appropriate venue and insufficiency of the evidence. *Held:*

The facts show that Ms. Fricks, at the request of a friend with a bad driving record, drove the friend from Elijay to Gainesville for the purpose of purchasing a pickup truck. They drove by a used car lot and the friend pointed out to Ms. Frick the truck he wished her to buy. She then dropped him off at a fast food establishment and took from him $7,100 as the purchase price. She purchased the truck, paying with cash furnished by the friend and applied for title in the name of Jeanette (or Janet) Padgett, a name Fricks admitted she had used years before and which was a wholly fictitious name. Ms. Fricks signed the documentation for title and the purchase of the truck in the name of Padgett. The next day, Ms. Fricks dispatched other friends to pick up the paper work from the dealer. She delivered the truck to her friend for whom she had purchased it. Later Ms. Fricks obtained insurance on the truck under her own policy.

In her first enumeration of error, Ms. Fricks asserts that there is no showing that the application for title was submitted by her to the state tag agency in Atlanta or that the title application was properly executed before a notary public in Gainesville and submitted to the county tag agent. Thus she argues that the state failed to prove venue either in Fulton County, where the application for title was filed, or in Hall County because it failed to show a properly executed application. We reject this argument as being irrelevant to any issue in this case. While there may be a requirement for a dealer to file the application for title either with the county tag agent or the state title agency, no such requirement exists so as to complete the crime of furnishing false information by a title applicant. OCGA § 40-3-90 (4) (Code Ann. § 68-431a) provides that: "A person who, with fraudulent intent: . . . (4) Uses a false . . . name . . . in an application for a certificate of title; shall be guilty of a felony." This statute does not refer to proper execution, filing of the application, or other mechanics of obtaining a title. It simply declares as a felony the act of using a false name in an application for a certificate of title. The evidence in this case shows without dispute that Ms. Fricks purchased a pickup truck and signed a title application in Gainesville, Hall County (the place of trial), and signed as the name of the purchaser and as title applicant, Janet Padgett, a name she admitted was false. Such evidence renders both enumerations advanced by Ms. Fricks wholly non-meritorious.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 9, 1983.

*Robert B. Thompson,* for appellant.
*Bruce L. Udolf, District Attorney,* for appellee.